SENRICK S. WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-1TT
Rosharon, TX 77583
May 21, 2015 — Remailed on June 15, 2015

COURT OF CRIMINAL APPEALS
Supreme Court
P.O. Box 12308
Austin, Texas 78711

RE: Applicant's document enclosed

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 17 2015

Abel Acosta, Clerk

Dear Court of Appeals,

Could you please copy all six (6) pages, and the attached Exhibit A, and mail it to Dallas County because they tend to destroy, or loose motions that I submit to them. I have enclosed a postage paid addressed envelope, addressed to Felicia Pitre District Clerk; and the a returned address from this Honorable Court. Thanks in advance for your time, in advance. Please date stamp before this Court forwards such documents.

Sincerely,

P.S.
Please safeguard my Liberty

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 09 2015

Abel Acosta, Clerk

EX PARTE

SENRICK WILKERSON

IN THE CRIMINAL
DISTRICT COURT NO. 3
DALLAS COUNTY TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

APPLICANT'S RESPONSE AND OBJECTIONS
TO THE STATE'S RESPONSE TO APPLICATION FOR HABEAS CORPUS

Abel Acosta, Clerk

There is a major concern with Jurisdiction in regards to F08-60213 Compelling Prostitution, F10-01183 Sexual Performance by a Child and F10-01184 Sexual Assault on a Child, because the motion for new trial was granted on January 5, 2011.

## CASE HISTORY

The facts are evidenced that malpracticed defense counsel, Calvin D. Johnson was deficient and ineffective because he purposely failed to make any objections when prosecutor Brooke B. Grona-Robb filed motions to consolidate cause nos. F10-01183 & F10-01184; with cause no. F08-60213. Brooke Grona-Robb fraudulently forged the indictments from cause nos. F10-01183 & F10-01184 because these falsified cases were never once taken before any magistrate judge or grand jury. Both cases are tainted and fraud because Applicant was never once arrested, and never once arraigned for them. But the State is showing four (4) different arrest dates that never once were executed.

Dallas County District Clerk's office will not provide Applicant with any files, records, et cetera, in order to properly provide the preponderance of proof needed to prove that Applicant is illegally incarcerated for crimes that he never once committed; never was arrested for; and never was arraigned for.

Ineffective lawyer, Calvin D. Johnson never filed any motions for cause nos. F10-01183 & F10-01184. The illegal trial began on 12/14/2010, and Calvin Johnson made no efforts to move for any pre-trial hearings, and he told Applicant that he was not allowed to have any witnesses, and he could not have his family attend the trial. Calvin Johnson assured Applicant that Judge Keith Dean would get mad and give him 60 years.

The State continues to complain on how Applicant continues to file his 11.07 Writs of Habeas Corpus, in regards to there being procedures. But the State broke and violated its own rules and laws of the Texas Code of Criminal Procedures, and Laws of the United States Constitution. Applicant was never once arrested and never once arraigned for cause nos. F10-01183 & F10-01184; totally violating Applicant's due process of law rights, civil rights, and his constitutional rights due to the fact that Applicant was never once taken before any magistrate judge

Page 1 of 6

to be formerly apprised of both fraudulent cases, he was never given any opportunity to post bail, never informed of his rights to an examining trial, never informed of his rights to counsel or of his choice, and never once participated in any first preliminary initial appearances for both tainted sex offenses, as is required by Texas law. See Articles 15.17 & 26.04 Code Crim. Proc. The State has no Jurisdiction over cause Nos. F10-01183 & F10-01184 due to the fact that there were never any arrest made, and never any arraignments met. The State has no Jurisdiction over cause No. F08-60213 because on January 5, 2011, Judge Keith Dean granted the motion for new trial.

<u>APPLICANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF UNITED STATES CONSTITUTION AMENDMENTS VI, XIV</u>

A Federal Court must first determine whether the Applicant's claim was "adjudicated on the merits," in State Court. 28 U.S.C. § 2254(d). Despite the fact that the State trial Court improvidently dismissed the entire state habeas writ. Actually the trial court is not CDC No. 3, it was Auxiliary Court No. 7. However, it must still be presumed that the State, by and through Texas' Court of Criminal Appeals, adjudicated each claim on the merits in the absence of any indication or State law procedural principles to the contrary. <u>Harrington V. Richter</u> 131 S.Ct. 178 (2011). It should be noted that Texas Courts authority to issue a writ of habeas corpus stems from Article V, § 5 of the Texas Constitution. This means that habeas Jurisdiction does not stem from the statutes regulating the exercise of that Jurisdiction, but from the Constitution itself. There are no cases on whether section 4 (VACCP, § 11.07) provides the exclusive exceptions for subsequent applications, and since it does not cover all aspects of common law abuse of the writ, it is unlikely that it would be held to have superceded the common law doctrine. And in any event the State of Texas has not suggested abuse of the writ.

Insofar as the trial court misstated and misapplied the law in the dismissal of the State habeas writ, she denied the Applicant equal protection and due process of law for failing or refusing to consider the full range of V.A.C.C.P. art. § 11.07(a)(1) applicability as her basis for the improvident dismissal. This failing in State law procedural principle will require <u>de novo</u> review for violation of the U.S. Const. Amends. <u>VI</u> and <u>XIV</u>; Section 2254(d)(2), See, generally, <u>Panetti V. Quarterman</u> 551 U.S. 930, 953 (2007) (Noting that when a State Court's adjudication of a claim is based on an UNREASONABLE application of federal law, a federal court must then "Resolve the claim without deference AEDPA otherwise requires.") The Texas Court of Criminal Appeals has adopted the trial Court's misstatement of law in its subsequent denial violating clearly established federal laws

Page 2 of 6

requiring equal protection and due process law. U.S Const. Amends. II and XIV. Congress did not intend for interpretation of phrase "second or successive," as used in the [AEDPA] Provision curtailing availability of successive habeas corpus applications to preclude federal district courts from providing relief for alleged procedural due process violation[s].

Because the State's highest court adopted the trial courts "inadequate state bar procedural bar," a federal court conducts a review de novo. The restrictions of section 2254(d) are inapplicable because the State's use of improper statutory analyses was not Congress' intention either in the state or Federal courts when considering allowences for succusive habeas writs. Infe Cain, Supra.; 28 USCA § 2244(b); Tex. ST. Const., ART. II, § 5.

In any event Texas' ultimate conclusion that counsel did not render ineffective assistance of counsel is not a factual finding to which the presumption of correctness applies, but is a legal question that must be reviewed de novo. United States V. Infante 404 F. 3d 376, 391 (5TH Cir. 2005) Citing Strickland V. Washington 104 S. Ct. 2052 (1984); Evitts V. Lucey 469 U.S. 387, 396 (1985); Douglas V. California 372 U.S. 353, 357 (1963) U.S. Const. Amends. VI, XIV. For this reason, the holdings in Harrington V. Richter, Supra., are inapplicable to this analysis.

Having established why section 28 U.S.C.A. § 2244(b) [AEDPA] is inapplicable to the instant Application, Applicant now demonstrates why Section 2254 are inapplicable to the individual claims:

<u>INEFFECTIVE ASSISTANCE OF COUNSEL; CALVIN D. JOHNSON</u>

The factual or legal basis for Applicant's claim was, and are unavailable when previous applications were filed because the State will not provide Applicant with the records, files, et cetera; and for the violation of the United State's Constitution no rational juror could have found Applicant guilty beyond a reasonable doubt; Had the the trial Court in Auxiliary Court No. 7 known that ineffective counsel Calvin Johnson acted totally unprofessionally by allowing Applicant to be tried in an illegal trial for cause Nos. F10-01183 & F10-01184 knowing that Applicant was never once arrested, or arraigned for them. Ineffective Calvin Johnson purposely failed to object to the complainant Destiny Rae Austin's tainted, perjured, and coerced testimony when she totally lied under oath on 12/15/2010; testifying that Applicant pulled a gun on her and raped her without a condom. Counsel's failure to object caused the jury to believe that Applicant did pull a gun on Destiny Austin, and raped her. When the State does not have any Police Report, no offense Reports, no arrest reports, and no physical or DNA of any rape or alleged gun. The outcome of the illegal trial

Page 3 of 6

would have been different had Calvin Johnson objected to such lies, and told the jury; "Senrick Wilkerson has never once owned a gun and never once had any physical or sexual contact with Destiny Austin. Also, the are no arrest affidavits from the state that even suggest any of these tainted testimones by Complainant." Also, the outcome would have been different in the illegal trial, had ineffective Calvin Johnson made an objection before the jury, and the Judge, and said; "Your Honor, Senrick Wilkerson should not be tried for cause Nos. F10-01183 & F10-01184 because the State failed to exercise due diligence in arresting him for both cases. And he was never once arraigned for them as well." There would have been an aquittal due to the prosecutorial misconducts, the fraud, the falsifying of government documents, and for violations of due process of law.

Calvin Johnson rendered ineffective assistance of counsel by his failure to investigate; he purposely failed to file for Discovery for cause Nos. F10-01183 and F10-01184; he purposely failed to file any motions for them; he purposely failed to conduct a pretrial hearing; he purposely failed to contact any of Applicant's witnesses; he told Applicant that he was not allowed to have any witnesses and that Applicant's family members were not allowed to come to that illegal trial. The Record evidences such facts and the outcome to the illegal trial would have been different if ineffective counsel would have contacted Applicant's witnesses, and conducted an independent investigation investigation. The outcome would have been different had Calvin Johnson moved for a pretrial hearing with Applicant present because Applicant would have made objections before the trial Judge on his own, in regards to the fraudulently forged, and tainted sex offenses from cause Nos. F10-01183 & F10-01184; and to the alleged gun. The incomplete Record from cause Nos. F08-60213, F10-01183 & F10-01184 will prove that Applicant never owned any gun, and that Applicant never committed any crimes against Destiny Rae Austin. If the jury had known that Applicant was never once arrested, and never once ever arraigned; and that the prosecutor forge/fraudulently those indictments in cause Nos. F10-01183 & F10-01184, Applicant would have never been illegally tried or convicted period. There is no jury/juror in their right minds would allow a BLACK MAN to be illegally convicted for crimes that show no such arrest, arraignments; and have never been presented before any magistrate judge or grand jury.

Page 4 of 6

In any event how is it possible for Applicant to adequately argue his illegal convictions, when the state will not provide Applicant with any files, documents, records, offense reports, arrest reports, Discovery, transcripts, et cetera, from Cause Nos. above? (F08-60213, F1001183 & F1001184). The State continues to allege that Applicant is not following the guidelines to the 11.07 rules; when the State totally violated the entire Texas Code of Criminal Procedures; violated Applicant's Civil & due process of law rights, and his constitutional rights. How is it at all possible for Applicant to submit 'by a preponderance of evidence'? Applicant has requested the Records, et cetera since January of 2011, and to this date he has been unsuccessful. Why is it ok for the State to get away with fraudulently forgeing indictments; falsifying documents; falsifying four (4) arrest dates for F1001183 & F1001184; falsifying PR/bond receipts; not having any Arrest Reports; not having arrest affidavits; not having any complaint affidavits; not having probable cause info; and not having any arraignment information. This clearly evidences Malpractice, deficiency, and ineffective assistance of counsel by and through Calvin D. Johnson. See Exhibit A, which is a copy of the signed Affidavit from the State's witness Terri Jennings. If the 12 jurors that were selected had known of Calvin Johnson's malpractices and his unprofessionalism, Applicant would have never been illegal convicted. The State is making ever attempt to continue to cover-up their own misconducts, the prosecutorial misconducts, the Police Dept. & County Sheriff's misconducts, and their falsifying of government documents. The trial transcript will evidence how state's witness Terri Jennings testified that prosecutor Brooke B. Grona-Robb attempted to coerce her into testifying falsely, by saying that Applicant made her prostitute and took her money. Jennings told the jury exactly what Brooke Grona-Robb attempted to coerce her into saying. Of course Grona-Robb lied and say she never attempted to coerce Terri Jennings. Grona-Robb called Regina Sinclair to Court on October 4, 2010, and tried to coerce her into giving false testimony. The trial docket sheet for cause No. F08-60213 will evidence such fact. However, Regina Sinclair told Grona-Robb that she was not gonna LIE for her, and that's why Grona-Robb never called Sinclair to testify. Applicant told defense counsel, and he did nothing.

Page 5 of 6

Regina Sinclair had even made several attempts on ~~either~~ calling ineffective Calvin Johnson, but he purposely failed to answer or return her calls. Joy Adkins attempted to call Calvin Johnson to inform him that she wishes to testify, and she even came to the Court building on 12/17/2010. Again, Calvin Johnson did absolutely nothing! The State allowed this sham illegal trial to take place just so that they could earn another illegal and wrongful conviction.

The will continue to recommend Applicant's applications to be dismissed because Dallas County knows that they are guilty of fraud, perjury, and falsifying government documents. Applicant is entitled to a new trial, an exoneration, and an aquittal of all three (3) offenses above due to the fact that the motion for new trial was granted on January 5, 2011. Relief in the interest of justice must be granted immediately. If Applicant's claims hold no merit; then prove it in an Evidentiary Hearing.

Respectfully submitted,

SENRICK WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, TX 77583

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2015, the foregoing document has been U.S. mailed to: Court of Criminal Appeals, P.O. Box 12308, Austin, TX 78711 & Applicant has enclosed a postage paid envelope for the Court of Criminal Appeals to make a copy of the Applicant's six (6) page document, and forward it to the Dallas County District Clerk's office, in order to prove that they received the above document because Dallas County's District Clerk's office continues to ignore Applicant's motions & filings.

SENRICK WILKERSON

(Exhibit A included)

page 6 of 6

## AFFIDAVIT

     I, Terri Jennings, residing in Dallas County, do state that I am over the age of 18 years old, and am competent to state the following facts:

     On December 13,2010, at Taco Bueno resturant, located on Lemmon Ave., I witnessed defense attorney Calvin D. Johnson, tell Senrick Wilkerson, that he would loose his law license if anyone found out that counselor Johnson was aware of his client being tried without being arrested, and never once arraigned for the latter two charges of, F10-01183 Sexual Performance by a Child & F10-01184 Sexual Assault on a Child.

     I also witnessed defense counselor Johnson, advise Mr. Wilkerson to leave the state and to not show up for the trial, that had began on December 14,2010. Mr. Johnson clearly stated, that he would not win the trial.

     I, Terri Jennings, currently residing in Dallas County, delcare under penalty of perjury that, according to my belief, the facts stated in this documnet are true and correct.

_____           5-14-15
TERRI JENNINGS                            DATE

EXHIBIT
A